UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                            CIVIL ACTION

2019 BLACK INFINITI Q60, VIN –
JN1FV7EK4KM360658                                                       NO. 22-00464-BAJ-SDJ

RULING AND ORDER

This action seeks civil forfeiture of a vehicle purchased with fraudulently acquired funds. Now before the Court is Plaintiff's—the United States'—**Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 10)**, seeking a final default judgment forfeiting the Defendant Property to the United States, namely the 2019 black Infiniti Q60, VIN: JN1FV7EK4KM360658. Claimant Maurice Trosclair filed an Answer, (Doc. 6), to the United States' original Complaint, (Doc. 1). Claimant subsequently filed a Consent To Forfeiture, signed by both parties. (Doc. 7). For reasons to follow, the Government's motion will be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2022, the United States filed its verified complaint for forfeiture *in rem*, seeking forfeiture to the United States of property derived from proceeds traceable to a violation of theft of government funds, wire fraud, and money laundering, pursuant to 18 U.S.C. § 981(a)(1)(C): namely the 2019 black Infiniti Q60, VIN JN1FV7EK4KM360658. (the "Defendant Property"). (Doc. 1, the "Verified Complaint"). The Defendant Property was seized on January 24, 2022, and is currently in the possession of the United States Secret Service. (Doc. 1, p. 1).

1

The Verified Complaint alleges that Claimant Maurice Trosclair provided false employee numbers and financial information to the Small Business Administration, who administers Economic Injury Disaster Loans ("EIDLs"), on behalf of States Truck Hauling, LLC, a company for which Claimant is the listed registered agent. (Doc. 1, pp. 2–4). Further, Claimant wrongfully applied for EIDLs by applying for States Truck Hauling, which was registered to do business after the EIDL loan deadline of February 1, 2020. (Doc. 1, p. 4). The Verified Complaint further alleges that, following the deposit of $139,900.00 through an EIDL loan, $43,886.00 of the funds were used to purchase the Defendant Property at the Infiniti of Gwinnett, 3090 Satellite Blvd., Duluth, GA 30096. (Doc. 1, pp. 4–5).

On July 19, 2022, the United States sent written notice of the Verified Complaint by certified and regular U.S. Mail to Claimant; States Truck Hauling, LLC; and Claimant's attorney pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rule G"). (Docs. 10-2, 10-3, 10-4). Consistent with Supplemental Rules G(4)(b)(ii)(B) and G(5)(a)(ii), the United States' July 19 notice letters advised that any claimant to the Defendant Property was required to "file a verified claim by August 26, 2022, which is 'at least 35 days after the notice is sent.'" (Docs. 10-2, ¶ 3; 10-3, ¶ 3).

On August 26, 2022, Claimant, through his attorney, filed an Answer. (Doc. 6). Subsequently, on October 25, 2022, a Consent to Forfeiture, signed by Claimant, Claimant's attorney, and the Assistant United States Attorney, was filed into the

record. (Doc. 7). Within the Consent to Forfeiture, Claimant withdrew his Answer and any claim he may have had to the Defendant Property; agreed that he had no interest, title, or claim to the Defendant Property; and consented to the forfeiture of the Defendant Property." (Doc. 7, p. 2).

Additionally, on August 25, 2022, the United States posted notice of the civil forfeiture action against the Defendant Property to http://www.forfeiture.gov, a U.S. Department of Justice forfeiture website, pursuant to Supplemental Rule G(4)(a)(iv)(C). (Doc. 10-5). This internet notice ran for 30 consecutive days and advised that any claimant to the Defendant Property was required to file a verified claim within 60 days from the August 25, 2022, first date of publication. (Doc. 10-5). No person or entity filed a timely verified claim.

Based on the foregoing, on October 25, 2022, the United States submitted its Motion For Clerk's Entry Of Default as to the Defendant Properties, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 8). The United States supported its motion with the declaration of Assistant U.S. Attorney J. Brady Casey. (Doc. 8-1). On October 28, 2022, the Clerk granted this motion, and entered default against the Defendant Property. (Doc. 8).

Since the Clerk's entry of default, no party has filed a claim or an answer for the Defendant Properties, namely the 2019 black Infiniti Q60, VIN JN1FV7EK4KM360658.

Now before the Court is the United States' Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 10), seeking confirmation of the Clerk's

entry of default, and a final judgment forfeiting the Defendant Property to the United States. (Doc. 10).

## II. LAW AND ANALYSIS

### A. Standard

The U.S. Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These factors are: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.*

Second, the Court assesses the merits of the action to determine whether the

plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC,* No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

### B. Discussion

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, the United States' Verified Complaint remains consented to by Claimant and unanswered by any other potential claimant, the Clerk of Court has entered default, and the United States has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *New York Life*, 84 F.3d at 141, and the Court may turn to the merits of the Government's request.

#### i. *Lindsey* Factors

All *Lindsey* factors plainly favor entry of default judgment in the United States' favor.

First, there are no material facts in dispute because Claimant has consented to the forfeiture and no other person or entity filed a timely claim to the Defendant Property, namely the namely the 2019 black Infiniti Q60, VIN JN1FV7EK4KM360658.

Second, any putative claimants would not be unduly prejudiced by a default judgment because the United States has provided ample opportunity to respond under the requisite procedures.

5

Third, the grounds for granting a default judgment against any potential claimants are clearly established by this action's factual and procedural history and the Clerk's entry of default.

Fourth, there is no evidence that default was caused by excusable neglect or good faith mistake.

Fifth, an entry of default would not be unduly harsh to any putative claimants because any and all such claimants were provided sufficient notice and opportunity to file a claim to the Defendant Property based on the direct mailings and the publication on the DOJ website.

Finally, there has been no showing of any facts that would lead the Court to anticipate that it may set aside a default judgment if a claimant appears and contests it.

### ii. Sufficiency of the Pleadings

The merits of the United States' case are strong. The Verified Complaint clearly traced the proceeds from the fraudulent EIDL application to Claimant Maurice Trosclair as registered agent of States Truck Hauling, LLC, to the purchase of the Defendant Property. Such property is unquestionably subject to forfeiture.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' **Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 10)** be and is hereby **GRANTED**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 18th day of April, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**